UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Trustees of the Local 813 Insurance Trust Fund : 
et al.,                                        :        2/17/16
                                    Plaintiff, :
         -against-                             :   1:12-cv-6249 (ALC)
                                               :
Rogan Brothers Sanitation Inc. et al.,         :   **OPINION & ORDER**
                                   Defendants, :
------------------------------------------------------------------x

ANDREW L. CARTER, JR., United States District Judge:

## I. INTRODUCTION

Trustees of union employee benefit funds sue employers over delinquent contributions. This is not the only forum, however, where the employers' allegedly unlawful business practices have come under scrutiny. The union representing the employees filed its own suit against the employers at the National Labor Relations Board ("NLRB"). In that proceeding, the NLRB decided several issues that the employers claim are dispositive of the trustees' claims here. The employers therefore seek to preclude the trustees from relitigating those issues and ask the court to dismiss their claims as res judicata. Separately, the employers move to dismiss the trustees' fraud claims for failure to state a claim with particularity. For the reasons stated below, the employers' motion to dismiss is denied in part and granted in part.

## II. BACKGROUND

The plaintiff trustees administer multi-employer, labor-managed trust funds within the meaning of the Employee Retirement Income Security Act ("ERISA"). Second Amended Complaint ("SAC") ¶ 1. Defendant Rogan Brother Sanitation, Inc. ("Rogan") is a waste hauling business that entered collective bargaining agreements ("CBAs") with Local 813, the union representing Rogan workers employed as drivers, helpers, mechanics, and welders. Id. ¶¶ 9-10.

Under the CBAs, Rogan agreed to pay monthly contributions to the trusts administered by the plaintiffs. Id. ¶ 28. In the event that Rogan sold or transferred part or all of its business operations, the CBAs further obligated Rogan to incorporate the CBAs into that sale, pay any indebtedness owed to the trusts, or transfer that obligation to the transferee. Id. ¶ 29.

In 2010, the trustees filed suit against Rogan for recovery of unpaid contributions from 2007 to 2009. Id. ¶ 39. The parties settled in early 2011, with Rogan agreeing to make monthly payments to the trusts up to the amount of its indebtedness. Id. ¶¶ 40-41.

In January 2011, Rogan entered into a consulting agreement with Spiezio Organization LLC, by which the latter assumed control of Rogan's labor relations, administrative and business systems, and obligations to contribute to the trusts. Id. ¶¶ 52-53. In February 2011, Rogan and defendant Joseph Speizio formed the entity R&S, which subsequently assumed control over Rogan's waste hauling business. Id. ¶¶ 58, 73. Spiezio also paid the trustees the first installment payment due to them under the 2011 agreement reached in settlement of claims of delinquent contributions. Id. ¶ 60.

Beginning March 2011, however, Rogan repeatedly missed payments on current contributions due to the trustees and in September 2011 defaulted on its settlement obligations. Id. ¶ 43. In May 2013, the trustees audited Rogan for the 2010-2011 period, finding additional unpaid contributions. Id. ¶ 49. Though the trustees duly demanded from both Rogan and Spiezio the amounts owed, payment has yet to be made. Id. ¶¶ 51, 66.

In late 2011, Local 813 filed unfair labor practices against Rogan and R&S before the NLRB. See Rogan Bros. Sanitation Inc., & R&S Waste Servs., LLC As Alter Ego &/or Successor Respondent & Int'l Union of Journeymen Allied Trades, Local 726 Respondent & Int'l Bhd. of Teamsters, Local 813 Charging Party, 2013 WL 3006932 (N.L.R.B. June 17, 2013).

The suit charged both employers with refusing to recognize and bargain with the union and sought to hold R&S liable as Rogan's alter ego or, in the alternative, on the theory that the two companies were in reality a single employer. Id. The presiding administrative law judge ("ALJ") found that Rogan and R&S were a single employer, but that the CBA could not be used to compel the defendants to bargain with the union as exclusive representative of all employees because it was a "members only" agreement, representing a minority of actual employees. Id. Both findings were upheld on appeal. Rogan Bros. Sanitation, Inc., & R&S Waste Servs., LLC, As Single Employer, Alter Ego &/or Successor Int'l Union of Journeymen & Allied Trades, Local 726 & Int'l Bhd. of Teamsters, Local 813, 362 NLRB No. 61 at * 1 (Apr. 8, 2015).

## III. DISCUSSION

### A. Legal Standard

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). On a motion to dismiss, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in the plaintiff's favor. Harris v. Mills, 572 F.3d 66, 71 (2d Cir.2009). But to satisfy Rule 12(b)(6), a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir.2010). Ultimately, on a motion to dismiss "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotations and citation omitted).

B. Analysis

### a. The trustees are not precluded from arguing the defendants' liability for contributions to the trusts.

The trustees of a "benefit plan must prove that the employer promised to contribute to the plan in order to succeed" on a claim of delinquent contributions. Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 313 (2d Cir. 1990). Thus if the trustees are unable to prove the existence of a valid agreement by Rogan to contribute to the Local 813 employee funds, no claim for delinquent contributions is stated. The employers argue that this issue—the existence of a valid collective bargaining agreement between Rogan and Local 813—was already decided against Local 813 in the NLRB proceeding. Accordingly, the trustees should be precluded from relitigating it here. See Trustees of the Ala-Lithographic Indus. Pension Plan v. Quality Color Graphics, Inc., 2001 U.S. Dist. LEXIS 2861 at *6 (S.D.N.Y. Mar. 19, 2001) (stating that "findings of the NLRB are given preclusive effect if the requirements of collateral estoppel are met").

Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (internal quotations removed). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). The Second Circuit summarizes the requirements for issue preclusion thusly: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the

issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Wyly v. Weiss, 697 F.3d 131, 141 (2d Cir. 2012).

The Court declines to preclude the trustees from arguing this issue because it was not actually litigated and decided in the previous proceeding. In fact, the ALJ explicitly cabined his decision on the CBA's enforceability to the context before him: whether the defendant employers were obliged to bargain with the union under Section 8(a)(5) of the National Labor Relations Act ("the NLR Act").

> In my opinion, the Respondents are correct in their contention that the relationship between Local 813 and Rogan Brothers was tantamount to a contractual relationship for a members' only unit, or at the very least, for an inappropriate unit. Based on this conclusion, the contract between Rogan Brothers and Local 813 is not enforceable by way of Section 8(a)(5) of the [NLR] Act, *although it may be enforceable in a separate court proceeding as to those employees who were members of Local 813 for whom benefit fund contributions were not made during the life of the contracts*, subject to whatever statute of limitations would be applicable in a State or Federal court.

Rogan Bros. Sanitation Inc., & R&S Waste Servs., LLC As Alter Ego &/or Successor Respondent & Int'l Union of Journeymen Allied Trades, Local 726 Respondent & Int'l Bhd. of Teamsters, Local 813 Charging Party, 2013 WL 3006932 (N.L.R.B. June 17, 2013) (emphasis added).

The ALJ concluded only that Local 813 could not use the CBA agreement to secure a bargaining order—and thus foreclose all employees from choosing their own bargaining agent—because Local 813 was a minority union. Other promises made in the CBA, including Rogan's promises to contribute to benefit funds for a specific class of employees, may nonetheless be enforceable.

The Court also denies defendants' motion to preclude the trusts from arguing that R&S should be liable for Rogan's delinquency on the basis of the NLRB decision denying its status as a successor or alter ego to Rogan. R&S incorrectly reads the complaint to allege its liability

based only on those statuses, when in fact it plainly alleges that R&S shares single-employer status with Rogan. SAC ¶ 90.

### b. The trustees' fraud claims are dismissed for failure to state a claim with particularity.

"In New York a plaintiff pleading fraud must allege 'that the defendant knowingly or recklessly misrepresented a material fact, intending to induce the plaintiff's reliance, and that the plaintiff relied on the misrepresentation and suffered damages as a result.'" Hansen v. Wwebnet, Inc., 2015 WL 4605670, at *7 (S.D.N.Y. July 31, 2015) (citing Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 181 (2d Cir.2007)). "Rule 9(b) of the Federal Rules of Civil Procedure also requires 'particularity' from a fraud pleading, such that the plaintiff must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Id. (citing Rombach v. Chang, 355 F.3d 164, 170 (2d Cir.2004)).

Claims 10, 11, 12, 13, and 15 of the Second Amended Complaint allege fraud on the basis of the transfer of Rogan's assets to several of the defendants, without fair consideration and while Rogan was a defendant in the original action brought by the trustees to recover delinquent contributions from 2007 to 2009. The trustees further allege, in a single sentence repeated verbatim in each of the claims, that the "transfers of assets . . . were made with actual intent to hinder, delay[,] and defraud" them. SAC ¶¶ 143, 149, 155, 161, 173. These claims must be dismissed, both for failure to allege the required elements of common law fraud under New York law and to identify with particularity any fraudulent statements as required by Fed. R. Civ. P. 9(b). Claim 16, which seeks to hold Speizio personally liable for the amount of assets transferred from Rogan to companies over which Spiezio allegedly exercised complete domination, is likewise dismissed due to the trustees' failure to adequately state underlying fraud claims.

IV.   **CONCLUSION**

For the reasons described above, defendants' motion to dismiss is **GRANTED IN PART and DENIED IN PART.** (ECF No. 85.) Specifically, claims 10, 11, 12, 13, 15, and 16 are **DISMISSED.**

**SO ORDERED.**

Dated: February 17, 2016
       New York, New York

ANDREW L. CARTER, JR.
United States District Judge